**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 25-10719** |
| **Gabrielle Singleton,** | ) | |
| | ) | |
| **Debtor.** | ) | **Chapter 7** |

---

| | | |
|---|---|---|
| **Gabrielle Singleton** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Adversary No. 25-1021** |
| | ) | |
| **United States of America Department of Education,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**FINDINGS OF FACT**

1. Debtor/Plaintiff, Gabrielle Singleton brings this action Pro Se for the discharge of her federal student loan debt under the "undue hardship" provision set out in 11 U.S.C. § 523(a)(8).

2. Plaintiff filed for relief under Chapter 7 under the Bankruptcy Code on May 14, 2025. An order discharging the Debtor/Plaintiff was entered on September 12, 2025, and the case was closed.

3. The Plaintiff filed this adversary action on May 14, 2025, seeking to determine the dischargeability of her student loan debt. This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding. Defendant has consented to the

entry of final orders of judgment by the Bankruptcy Court in this matter. The Plaintiff has not filed a statement of consent.

4. One of the unsecured debts owing by the Plaintiff and listed in her schedules is a student loan owing to Defendant, Department of Education. With accumulated interest, the approximate amount owed on the student loan when this case was filed was $48,500.00.

5. The student loan debts were incurred to pay tuition at Virginia College to obtain a degree in Medical Assistant, Jones County Junior College to obtain a degree in Physical Therapy, Virginia College-Austin to obtain a degree in Medical Assistant, University of Arizona, Global Campus, to obtain a degree in Healthcare Administration, and Hinds Community College, to obtain a degree in Medical Assistant. (Complaint par 3).

6. The defendant obtained a bachelor's degree in healthcare administration.

7. The defendant asserts that the total current unsecured student debt owing by Debtor to Defendant, Department of Education, amounts to about $48,500.00 when the complaint was filed.

**<u>CONCLUSIONS OF LAW</u>**

9. Plaintiff seeks a determination that the debt owed to the Department of Education is dischargeable under 11 U.S.C. § 523(a)(8), which provides, in pertinent part, that a debt for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded by a governmental unit, is not dischargeable in bankruptcy unless excepting the debt from discharge would impose an undue hardship on the debtor and the debtor's dependents.

10. The statute does not define "undue hardship," and that task has been committed to the courts. The leading case on the standards for "undue hardship" is *Brunner v. N.Y. State*

*Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). The Fifth Circuit has adopted the analysis in *Brunner*, see *In Re Gerhardt*, 348 F.3rd. 89, (5th Cir. 2003), and *In Re Thomas*, 223 F.App'x 310 (5th Cir. 2007). See also, *In re Pena*, 155 F.3d 1108 (9th Cir. 1998); *Faish v. Pa. Higher Educ. Assistance Auth.*, 72 F.3d 298 (3d Cir. 1995), *cert. denied*, 518 U.S. 1009 (1996); *Cheesman v. Tenn. Student Assistance Corp.*, 25 F.3d 356 (6th Cir. 1994), *cert. denied*, 513 U.S. 1081 (1995); *Roberson v. ll. Student Assistance Comm'n*, 999 F.2d 1132 (7th Cir. 1993); *Ammirati v. Nellie Mae Inc.*, 187 B.R. 902 (D.S.C. 1995), *aff'd*, 85 F.3d 615 (4th Cir. 1996). *Gerhardt* required the debtor to prove that:

1. The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for self and dependents if forced to repay the loan;

2. Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the loan; and

3. The debtor has made good faith efforts to repay the loan.

"Dischargeability should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993). To determine whether repayment will impose an undue hardship, the first and second parts of the *Brunner* test require consideration of the debtor's expenses and income potential, as well as the payment term and the installment amount required for the loan. The Department makes available a variety of income-sensitive repayment options for financially distressed debtors that allow the debtor to make reduced installment payments, over an extended payment period, based on the debtor's ability to pay.

11. Defendant asserts that Plaintiff has not proven that her student loans are dischargeable.

12. Plaintiff asserts she has proven that her student loans are dischargeable.

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: *<u>/s/Steven Bass</u>*
Steven B. Bass
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
(512) 916-5858/Fax (512) 916-5854
Steven.Bass@usdoj.gov
Attorney for Defendant United States of America

*/s/ Gabrielle Singleton*
Gabrielle Singleton
413 Swenson Farms Blvd., Apt. # 1222
Pflugerville, TX 78660
g.singleton95@yahoo.com